NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MANUEL SPRUILL, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-4827 (DMC) |
| BRIAN BENDL, JERRY SPEZIALE, SHERIFF OFFICER WHOM SHOT ME (?), | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by *pro se* Plaintiff Manuel Spruill for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's application is **granted**.

**I. BACKGROUND**

Plaintiff is currently incarcerated in Passaic County Jail. During his period of incarceration on or about July 25, 2006, Plaintiff claims that he was shot in the back by an unknown officer. Plaintiff alleges that this assault was unprovoked and not caused by any action taken by Plaintiff.

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, claiming that Defendants Warden Brian Bendl, Sheriff Jerry Speziale and an unknown "Sheriff Officer Whom Shot Me(?)" violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants

Bendl and Speziale filed an answer asserting twenty affirmative defenses including, *inter alia*, lack of jurisdiction, failure to state a claim, that any injuries or damages sustained by Plaintiff were caused by the acts of persons not under control of Bendl and Speziale, any injuries or damages sustained by Plaintiff were caused by the negligence or intentional acts of Plaintiff, unclean hands, statute of limitations, qualified immunity and improper service.

**II.   DISCUSSION**

In Tabron v. Grace, the Third Circuit Court of Appeals provided the district courts with specific guidelines for determining whether appointing *pro bono* counsel for an indigent applicant is warranted. 6 F.3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts are to analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. Id. Only after a determination that an applicant's claim has merit in fact and law will a court move on to consider and evaluate the variety of factors outlined in Tabron to decide whether appointment of *pro bono* counsel is warranted. Id. at 155.

In determining whether appointment of *pro bono* counsel is appropriate, the Court must consider several factors. These factors include whether

> (1) the claim has some merit;
> (2) the *pro se* party lacks the ability to present an effective case without an attorney;
> (3) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (5) the case is likely to turn on credibility determinations;
> (6) the case will require expert testimony;
> (7) the party is unable to attain and afford counsel on his/her own behalf

See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997); Tabron, 6 F.3d 147.

Factors to be considered by a court after a plaintiff makes a sufficient showing of merit

include the ability of the plaintiff to present his case. Id. at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Courts should "also consider the difficulty of particular legal issues" and "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." Id.

### III. ANALYSIS

As a threshold matter, courts are to analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation of the application for appointment of *pro bono* counsel. See Tabron, 6 F.3d 147. In analyzing the merits of Plaintiff's Complaint this Court is cognizant of the fact that a *pro se* complaint is held to a less stringent standard than formal pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, this Court recognizes the fact that civil rights allegations, however inartfully pleaded are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

In this case, the Court must determine whether Plaintiff states a claim for violation of his Eighth Amendment rights. To assert a claim pursuant to the Eighth Amendment, Plaintiff must establish on the face of the pleadings that Defendants' behavior fell within the purview of conduct repugnant to the Eighth Amendment. The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency against which [a] court must evaluate penal measures." Estelle v. Gamble, 429 U.S. 97, 102 (1976); Trop v. Dulles, 356 U.S. 86, 99-101 (1958). The Supreme Court has held that the Eighth Amendment prohibits punishments that are incompatible with the evolving standards of decency. See Trop, 356 U.S. at 101; Gregg v. Ga., 428 U.S. 153, 173 (1976); Estelle, 429 U.S. at 102-04. Furthermore, deliberate indifference to serious

medical needs of prisoners constitutes the wanton and unnecessary infliction of pain prohibited by the Eighth Amendment.  Gregg, 428 U.S. at 173; Estelle, 429 U.S. at 104.

Here, Plaintiff alleges that an unknown individual fired a gun in the direction of Plaintiff while Plaintiff was following directions to lay face down on his bed.  The Complaint further alleges that Plaintiff was hit in the back with a bullet and was not permitted to seek medical attention.  As a result, the location of the wound became infected.  According to Plaintiff, all of this occurred without any provocation on his part.  Viewing the allegations of this *pro se* Complaint liberally, it does not appear that Plaintiff cannot prove any set of facts sufficient to maintain a claim pursuant to the Eighth Amendment.  Firing a gun at a person without any seeming provocation violates notions of human decency, imposes a punishment that involves inflicting unnecessary pain and does not serve any penological purpose.  See Estelle, 429 U.S. at 102.  Additionally, Defendants' conduct may rise to the level of an Eighth Amendment violation if Defendants were indifferent to Plaintiff's medical needs after the alleged shooting or if Defendants delayed Plaintiff's access to medical attention.

Based on a review of Plaintiff's Complaint and application for *pro bono* counsel, this Court finds that appointment of *pro bono* counsel is appropriate.  Plaintiff, an indigent, evidences an inability to litigate this case without assistance.  In particular, Plaintiff's Complaint is, at times, difficult to follow due to an apparent lack of education and/or literacy.  Further, as an indigent with no legal training, Plaintiff lacks the familiarity with the rules of evidence and discovery necessary to properly litigate this case.  Moreover, this case will likely require factual investigation and turn on credibility determinations - all factors favoring appointment of *pro bono* counsel.  Parham, 126

F.3d 454; Tabron, 6 F.3d 147.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of *pro bono* counsel is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis  M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        April   25 , 2007
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File